NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AD HOC SHRIMP TRADE ACTION COMMITTEE,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee,*

AND

**HILLTOP INTERNATIONAL,** AND **OCEAN DUKE CORPORATION,**
*Defendants-Appellees.*

---

2012-1416

---

Appeal from the United States Court of International Trade in No. 10-CV-0275, Judge Donald C. Pogue.

---

**ON MOTION**

---

Before LOURIE, PLAGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

**O R D E R**

Plaintiff-appellant Ad Hoc Shrimp Trade Action Committee appeals from a decision of the United States Court of International Trade. Ad Hoc had objected to the Department of Commerce's use of certain data during the fourth administrative review, under 19 U.S.C. § 1675, of an antidumping order concerning frozen warmwater shrimp from China. Following a remand to Commerce to reexamine particular claims, the CIT sustained Commerce's determinations.

After Ad Hoc filed its appeal from that ruling, however, Commerce issued its final results in the sixth administrative review on the same subject. *See* 77 Fed. Reg. 53,856 (Sept. 4, 2012). During that review, Ad Hoc had submitted evidence purporting to show that defendant-appellee Hilltop International—an exporter of merchandise covered by the antidumping order—had provided Commerce with false and incomplete information about its affiliates and that those misrepresentations implicated not just the period addressed in the sixth administrative review but also earlier periods, including the period addressed in the fourth administrative review at issue in the present appeal. The United States has now moved for an order that remands this matter to the CIT with instructions to remand the case to Commerce for consideration of Ad Hoc's allegations. Ad Hoc consents to the remand, but Hilltop opposes it.

We grant the United States' motion. As a general matter, a remand to "reconsider [a] previous position" is "usually appropriate" as long as Commerce's concern is "substantial and legitimate." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). Indeed, the agency "possesses inherent authority to protect the integrity of its yearly administrative review decisions, and to reconsider such decisions on proper notice and within a reasonable time after learning of information indicating that the decision may have been tainted by fraud." *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352,

1361-62 (Fed. Cir. 2008). The CIT, in litigation concerning the fifth administrative review regarding the antidumping order at issue here, recently remanded for Commerce to consider the same general allegations of misrepresentation on Hilltop's part. *See Ad Hoc Shrimp Trade Action Comm. v. United States*, 882 F. Supp. 2d 1377 (Ct. Int'l Trade 2013). We follow the same course.

Relying on *Home Products International, Inc. v. United States*, 633 F.3d 1369 (Fed. Cir. 2011), Hilltop contends that Commerce must meet a demanding standard of proof in order to secure a remand and that the agency's submissions are too skeletal. But that case involved a remand over the agency's objection, meaning that the agency had already determined (if only implicitly) that it saw no basis to exercise whatever discretion it had to revisit its prior decision. Here, in contrast, the agency has made no such determination, but instead is seeking a remand to provide it the first opportunity to consider whether such revisiting is warranted, within whatever range of discretion it may have. *Home Products* does not suggest, and we do not see, a need for especially strong proof to justify giving the agency that opportunity.

The United States has provided a sufficiently particularized basis for the requested remand. It has identified a concrete set of allegations and evidence involving the period covered by the ruling under review, while taking care not to explore the merits of the issues prematurely. Its motion is sufficiently specific and non-speculative to pass any applicable threshold for allowing Commerce to look into the matter before this court proceeds with a review of an order that might be modified.

Our decision here does not preclude or prejudge any factual or legal arguments to be made to Commerce on remand. The agency should hear any such arguments and decide in the first instance whether it should, or

lawfully can, revisit its final results in the circumstances presented.

IT IS ORDERED THAT:

(1)   Hilltop's motion for leave to file the surreply is granted.

(2)  The United States' motion for voluntary remand is granted.  This matter is remanded to the United States Court of International Trade for that court to remand the case to the Department of Commerce.

(3)   Oral argument is cancelled, and the case is removed from the court's June 6, 2013 oral-argument calendar.

FOR THE COURT

May 24, 2013                    /s/ Jan Horaly
        Date                    Jan Horbaly
                                Clerk


cc:  Jordan Kahn
     Joshua E. Kurland
     Mark Pardo